Judge Marshall
delivered the opinion of the Court.
John Rowan jr. was indicted for accepting a challenge to fight with deadly weapons: viz. with pistols; and *396 a demurrer to the indictment having been sustained, the only question to be decided, is whether it is sufficient.
The indictment charges, that the defendant, unlawfully, maliciously &c. “did accept from a certain James “ Pope, a written challenge, before that time composed “written and delivered, by the said James Pope to the “ said John Rowan, jr. to fight him the said James Pope, “with deadly weapons: to wit. with Pistols; which wri- “ ting is as follows; that is to say: — •
“July 14th 18.33, Sunday P. M.
“ Mr. J. Rowan jr.
“ Sir:
“Your note of July 13 th has been, handed me. “It will be needless on my part to say your last was not “ entirely satisfactory, and never was. so considered or “ deemed by me. Your waiver of any modification of “ that note compels me to require that ultimate arrange- “ men-t customary under such circumstances.
“ Respectfully,
“ James Rope.”
“ N. B.. my friend Mr. James C. Allan, will adjust on “ my part, the- succeeding steps of this controversy.
“ J. Pope ”
“ And the acceptance of said challenge was made in “ the form of, and by way of letter, written and deliver- “ ed, by the said John Rowan jr. to the-said James Pope “■on&c., and is as follows, that is to say:—
“ Louisville July 14th, 1833.
“.Mr. James Pope.
“ Sir:.
“ Your note of the 14th has just been received “by me, and its request shall be acceded to. My “ friend Mr. A. C. Bullett is authorized by me to make “ the- necessary arrangements.
“ Respectfully,
“ John Rowan jr.”
■ — “ Contrary to the form of the statute &c.”
The act of 1799 (1 Slat. Law, 578) enacts, that if any person shall “challenge, by word or writing, the person “ of another, to fight at sword, pistol or other deadly “ weapon, such person so- challenging shall forfeit &c.’
*397 And the-person who shall accept of any such chal- “ lenge, shall, in like manner, forfeit &c.”
The indictment alleges that the defendant did accept a written challenge from. Pope, to fight him with deadly weapons: viz. with pistols. And we are of the opinion, that it would have been sufficient if the correspondence on which the charge is based, had not been incorporated in it. But as the supposed challenge is inserted, and it does not appear on its face to sustain the charge, and as there is no sufficient allegation that it was intended, to be such a challence as the statute describes, or that it was accepted by the defendant as such, we are inclined to the opinion, that the. indictment is. not sufficient. If the correspondence had not been inserted, but had been produced on the trial,, other evidence would have been, admissible, to show that it was a challenge to fight with deadly weapons, or even with pistols, (if that should have been required,) and that it was accepted as such,, (Commonwealth vs. Hart, 6 J. J. Marshall, 119,) and such proof might have been admitted, though the writings are copied into the indictment, if there had been also sufficient allegations of the intent of the parties- But in the absence of such allegations, the writings seem to be introduced as the specification of the charge, or as the charge itself relied on, and as they do not of themselves show, that any offence has been committed, and no-foundation is laid for introducing other evidence, we think the demurrer to the indictment was properly sustained.
Judgment affirmed.